FILED
JUL 18 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. S1- 4:18 CR 149 HEA NCC |
| | ) | |
| JACK T. HUCK, | ) | Counts One, Six, Seven, and Nine |
| JOSEPH C. HOPE, a/k/a "Joey" | ) | Counts One, Four, Five, and Ten |
| CODY B. HENDERSON, | ) | Count One |
| DAKOTA W. MCCAIN, | ) | Counts One, Six, Eight, and Nine |
| DEVEN R. HUCK, | ) | Counts One, Two, and Three |
| KYLE A. PHILLIPS, a/k/a "Kilo" | ) | Count One |
| DUSTIN L. S. PUCKETT, | ) | Count One |
| JACOB E. WOLFF, | ) | Counts One, Twelve |
| CEDRIC T. DAVIS, JR., | ) | Count One |
| DALLAS M. RICHARDSON, | ) | Counts Four, Five, and Ten |
| SETH D. AULT, | ) | Count Nine |
| ZACH W. HUNTER, | ) | Count One |
| COLLIN A. WEBER, | ) | Counts One, and Eleven |
| | ) | |
| Defendants. | ) | |

## SUPERSEDING INDICTMENT

### COUNT ONE

The Grand Jury charges that:

1. Beginning at a time unknown, but including February 2013 and continuing thereafter to the date of this Indictment, in the Eastern District of Missouri and elsewhere,

JACK T. HUCK,
JOSEPH C. HOPE, a/k/a "Joey"
CODY B. HENDERSON,
DAKOTA W. MCCAIN,
DEVEN R. HUCK,
KYLE A. PHILLIPS, a/k/a "Kilo"
DUSTIN L. S. PUCKETT,
JACOB E. WOLFF,
CEDRIC T. DAVIS, JR., and

1

## ZACH W. HUNTER,
## COLLIN A. WEBER

the defendants herein, did knowingly combine, conspire, and agree with each other, and with other persons known and unknown to the Grand Jury to commit offenses against the United States, to wit:

> a.) to knowingly conduct and attempt to conduct financial transactions affecting interstate or foreign commerce with the intent to promote the carrying on of the specified unlawful activity; and
>
> b.) to knowingly conduct and attempt to conduct financial transactions affecting interstate or foreign commerce with the transactions designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity;

and that while conducting and attempting to conduct such financial transactions, the defendants knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, that is the distribution of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841 and 846, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).

All in violation of in violation of Title 18, United States Code, Section 1956(h).

MANNER AND MEANS OF THE CONSPIRACY

2. It was part of said money laundering conspiracy that Defendants Jack T. Huck, Joseph C. "Joey" Hope, and Collin Weber imported to the Eastern District of Missouri multi-kilogram amounts of marijuana from sources of supply in California, to include Defendant Cedric T. Davis, Jr..

3. It was part of said money laundering conspiracy that Defendants J. Huck, Hope, Webber and others often received the marijuana through the U.S. mail at various addresses, including their own. Defendants J. Huck, Hope, and others known and unknown to the Grand Jury distributed the obtained marijuana in the Eastern District of Missouri and elsewhere.

4. It was part of said money laundering conspiracy that upon distributing the marijuana, Defendants J. Huck, Hope, and others known and unknown to the Grand Jury collected and caused to be collected proceeds derived from the sale of the marijuana.

5. It was part of said money laundering conspiracy that Defendant J. Huck wired and transferred the proceeds of the marijuana sales to the source of supply in California via MoneyGrams purchased at various outlets, including Wal-Mart stores in the Eastern District of Missouri, as payment for received and additional marijuana.

6. It was part of said money laundering conspiracy that sometimes certain Defendants, such as Jacob E. Wolff, mailed proceeds of their marijuana sales to the source of supply in California.

7. It was part of said money laundering conspiracy that Defendant J. Huck, to conceal and disguise the nature, location, source, ownership, and control of the proceeds, utilized others, including Defendants Hope, Cody B. Henderson, Dakota W. McCain, Deven R. Huck, Kyle A. Phillips, Dustin L.S. Puckett, and Zach Hunter, to wire and transfer marijuana proceeds to the source of supply in California via MoneyGrams purchased at various outlets in the Eastern District of Missouri.

8. It was part of said money laundering conspiracy that Defendant Cedric T. Davis, Jr., a source of supply in California for the marijuana, received and negotiated the MoneyGrams in California, and elsewhere.

9. It was part of said money laundering conspiracy that in some instances Defendant Cedric T. Davis had others receive and negotiate the MoneyGrams on his behalf in order to conceal and disguise the nature, location, source, ownership, and control of the proceeds.

10. It was part of said money laundering conspiracy that Defendant Collin A Webber acted as a local source of supply for certain other Defendants. Accordingly, co-conspirators listed herein as well as others known to the Grand Jury wired and transferred marijuana proceeds to Webber. Webber received and negotiated the MoneyGrams in Missouri. At other times, Webber wired and transferred marijuana proceeds to sources of supply in California.

## COUNT TWO

The Grand Jury further charges that:

11. On or about April 3, 2017, in the Eastern District of Missouri,

### DEVEN R. HUCK

did knowingly possess the following firearm: .25 caliber Titan pistol (Serial Number: 270376), in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 846.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT THREE

The Grand Jury further charges that:

12. On or about April 5, 2017, in the Eastern District of Missouri,

### DEVEN R. HUCK

did knowingly possess the following firearm: .25 caliber Titan pistol (Serial Number: 270376), in

furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 846.

In violation of Title 18, United States Code, Section 924(c)(1)(A) and punishable by Title 18, United States Code, Section 924(c)(1)(C).

## COUNT FOUR

The Grand Jury further charges that:

13. Beginning in or around December 24, 2016 through October 3, 2017, the exact dates unknown, in the Eastern District of Missouri, the defendants,

**DALLAS M. RICHARDSON, and
JOSEPH C. HOPE,**

did knowingly combine, conspire, and agree with each other, and with other persons known and unknown to the Grand Jury to carry and use during and in relation to a drug trafficking crime and a crime of violence which may be prosecuted in a court of the United States, that is, conspiracy to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 846 and conspiracy to interfere with commerce by robbery, in violation of Title 18, United States Code, Section 1951, one or more firearms, to wit a .380 handgun and an assault rifle capable of expelling 7.62 x 39 mm ammunition, and in the course of such violations caused one or more of the firearms to be discharged in violation of Title 18, United States Code, Section 924(c)(1)(A).

All in violation of Title 18, United States Code, Section 924(o).

## COUNT FIVE

The Grand Jury further charges that:

14. During the times relevant to this Indictment, Kyle A. Phillips was engaged in a conspiracy to distribute marijuana as supplied by Defendants Joseph C. Hope and Jack T. Huck for profit.

15. The distribution of marijuana by Phillips, Hope, and Huck affected interstate commerce.

16. Beginning in or around December 24, 2016 through October 3, 2017, the exact dates unknown, in the Eastern District of Missouri, the defendants,

**DALLAS M. RICHARDSON, and
JOSEPH C. HOPE,**

did knowingly combine, conspire, and agree with each other, and with other persons known and unknown to the Grand Jury to knowingly and intentionally commit and attempt to commit a robbery, that in any way would obstruct, delay, and affect interstate commerce and the movement of any article and commodity in interstate commerce, to wit: Dallas M. Richardson and another person, at the behest of Joseph C. Hope, did unlawfully take and obtain and attempted to take and obtain personal property consisting of marijuana and cash, from the person and in the presence of Kyle A. Phillips against his will by means of actual and threatened force, violence, and fear of injury, immediate and future, to Phillips' person.

All in violation of Title 18, United States Code, Section 1951.

## COUNT SIX

The Grand Jury further charges that:

17. On or about August 1, 2017, in the Eastern District of Missouri, and elsewhere the

defendants,

## JACK T. HUCK, and
## DAKOTA W. MCCAIN,

did use, caused to be used, and aided and abetted each other to use, a facility in interstate commerce, that is, Facebook, with intent to commit a crime of violence to further an unlawful activity in violation of the laws of the United States; to wit: conspiracy to distribute and possess with intent to distribute marijuana, and conspiracy to commit money laundering, as charged in Count One herein, and thereafter committed and attempted to commit the crime of violence to further such unlawful activity.

In violation of Title 18, United State Code, Section 1952(a)(2), and Title 18, United States Code, Section 2, and punishable under Title 18, United States Code, Section 1952(a)(3)(B).

## COUNT SEVEN

The Grand Jury further charges that:

18. On or about August 1, 2017, in the Eastern District of Missouri the defendants,

## JACK T. HUCK

did knowingly transmit in interstate commerce a threat to injure the person of another; to wit, the defendant sent a message via Facebook to Dakota W. McCain to assault and rob a person known to the Grand Jury.

All in violation of Title 18, United States Code, Section 875(c).

## COUNT EIGHT

The Grand Jury further charges that:

19. On or about August 1, 2017, in the Eastern District of Missouri the defendants,

## DAKOTA W. MCCAIN

7

did knowingly transmit in interstate commerce a threat to injure the person of another; to wit, the defendant sent a message via Facebook to Jack T. Huck that he intended to carry out an assault of a person known to the Grand Jury.

All in violation of 1 Title 18, United States Code, Section 875(c).

## COUNT NINE

The Grand Jury further charges that:

20. During the times relevant to this Indictment, A.R., a person known to the Grand Jury, was engaged in a conspiracy to distribute marijuana as supplied by Defendant Jack T. Huck for profit.

21. The distribution of marijuana by A.R. and Huck affected interstate commerce.

22. Beginning in or around July 2017 through August 8, 2017, the exact dates unknown, in the Eastern District of Missouri, the defendants,

**JACK T. HUCK,
DAKOTA W. MCCAIN, and
SETH D. AULT, and**

did knowingly combine, conspire, and agree with each other, and with other persons known and unknown to the Grand Jury to knowingly and intentionally commit and attempt to commit a robbery that in any way would obstruct, delay, and affect interstate commerce and the movement of any article and commodity in interstate commerce, to wit: Dakota W. McCain, Seth Ault, and Ashton Roach, at the behest of Jack T. Huck, did unlawfully attempt to take and obtain personal property consisting of marijuana and cash, from the person and residence of A.R. against his will by means of actual and threatened force, violence, and fear of injury, immediate and future, to A.R.'s person.

All in violation of Title 18, United States Code, Section 1951.

## COUNT TEN

The Grand Jury further charges that:

23. On or about January 12, 2017, in the Eastern District of Missouri, the defendants,

### DALLAS M. RICHARDSON, and
### JOSEPH C. HOPE,

acting together and with others, known and unknown to the Grand Jury, did knowingly possess one or more firearms in furtherance of a drug trafficking crime and a crime of violence for which they may be prosecuted in a court of the United States, to wit: conspiracy to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 846 and conspiracy to interfere with commerce by robbery, in violation of Title 18, United States Code, Section 1951, one or more firearms, to wit a .380 handgun and an assault rifle capable of expelling 7.62 x 39 mm ammunition, and in the course of such violations caused one or more of the firearms to be discharged in violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A).

## COUNT ELEVEN

The Grand Jury further charges that:

24. On or about May 11, 2018, in the Eastern District of Missouri, the defendant,

### COLLIN A. WEBER,

did knowingly possess the following firearm: a .9mm Taurus pistol, serial #TH015816, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute and possess with intent to distribute a mixture or substance

9

containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 846.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT TWELVE

The Grand Jury further charges that:

25. On or about March 1, 2018, in the Eastern District of Missouri, the defendant,

**JACOB E. WOLFF,**

did knowingly possess the following firearm: a .9mm CPX-2 semi-automatic handgun bearing serial #550012, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 846.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Section 982, upon conviction of an offense in violation of Title 18, United States Code, Section 1956(h) as set forth in Count One of the Indictment, the defendants identified therein shall forfeit to the United States of America any property, real or personal, involved in a transaction or attempted transaction in violation of Title 18, United States Code, Section 1956; and any property traceable to such property.

2. Pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 924 as set forth in Counts Two, Three, and Four, the defendants identified

therein shall forfeit to the United States of America any firearm or ammunition involved in or used in those offenses.

    3.    Pursuant to Title 18, United States Code, Section 924 and 981 and Title 28, United States Code, Section 2461, upon conviction of an offense in violation of Title 18, United States Code, Section 1951 as set forth in Counts Five and Nine of the Indictment, the defendants identified therein shall forfeit to the United States of America any property, real or personal, constituting or derived from any proceeds traceable to said violation and any firearm or ammunition involved in or used or intended to be used in such violation.

    4.    Pursuant to Title 18, United States Code, Section 924 and 981 and Title 28, United States Code, Section 2461, upon conviction of an offense in violation of Title 18, United States Code, Section 1952 as set forth in Count Six of the Indictment, the defendants identified therein shall forfeit to the United States of America any property, real or personal, constituting or derived from any proceeds traceable to said violation and any firearm or ammunition involved in or used or intended to be used in such violation.

    5.    Pursuant to Title 18, United States Code, Section 981 and Title 28, United States Code, Section 2461, upon conviction of an offense in violation of Title 18, United States Code, Section 875 as set forth in Count Seven and Eight of the Indictment, the defendants identified therein shall forfeit to the United States of America any property, real or personal, constituting or derived from any proceeds traceable to said violation.

    6.    Subject to forfeiture is a sum of money equal the total value of any property, real or personal involved in transactions or attempted transactions in furtherance of the offense charged in Counts One through Nine.

    7.    Specific property subject to forfeiture includes, but is not limited to, the following:

      a.       approximately $21,760.00 seized on or about May 11, 2018;

      b.       a .9mm Taurus, serial #TH015816 seized on or about May 11, 2018.

8.     If any of the property described above, as a result of any act or omission of the defendants:

      a.       cannot be located upon the exercise of due diligence;

      b.       has been transferred or sold to, or deposited with, a third party;

      c.       has been placed beyond the jurisdiction of the court;

      d.       has been substantially diminished in value; or

      e.       has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

                                                        A TRUE BILL.


                                                        FOREPERSON


JEFFREY B. JENSEN
United States Attorney


Stephen Casey #58879MO
Assistant United States Attorney